JUSTICE TRIEWEILER
specially concurs:
¶55 I concur with all that is said in the majority opinion. I write in response to the dissent to the opinion.
*185 ¶56 If followed, the approach advocated by the dissent would lead to absurd results. For example, pursuant to § 46-16-702, MCA, the defendant had 30 days from the date of the jury’s verdict within which to move for a new trial. He presumably would have done so since he obj ected to the instruction which served as the basis for his conviction and has defended the District Court’s decision to grant a new trial, both in the District Court and on appeal. However, he did not have the opportunity to do so because two days following the jury’s verdict the District Court indicated its intention to grant the new trial without a motion and in fact did so less than two weeks after the jury’s verdict.
¶57 If the dissent’s interpretation of § 46-16-702, MCA, was followed, Brummer would be denied a new trial even though he was entitled to one on the merits, simply because the District Court acted before he had an opportunity to make his own motion.
¶58 In the alternative, the dissent would have us vacate the District Court’s order granting a new trial based on the conclusion that the court had no inherent authority to do so. We would then have to remand to the District Court; reinstate the status quo at the time the District Court acted; and, give the defendant the opportunity to move for the same relief that he has already been provided. The court would presumably arrive at the same result, following which the State could file the same appeal, following which we would arrive at the same conclusion on the merits.
¶59 The dissent’s approach would clearly exalt form over substance and fly in the face of § 46-1-103, MCA, which requires that criminal proceedings be resolved in a manner that avoids “unjustifiable expense and delay.” I cannot agree with that approach. Therefore, for these reasons in addition to those set forth in the majority opinion, I concur with the majority’s conclusions.